IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL PORTUGAL,

        Plaintiff,                     No. CIV S-08-2472 GGH P

    vs.

T. FELKER, et al.,

        Defendants.              ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. By Order, filed on March 4, 2009, the original complaint was dismissed, but plaintiff was granted leave to amend. Plaintiff has filed an amended complaint.

        The amended complaint states a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) with regard to defendants T. Felker, P. Statti and S. L. Chapman as to plaintiff's claims regarding the opening of his legal or privileged mail outside his presence. However, plaintiff has failed therein to cure the defects of the original complaint with regard to any other claims.

        As plaintiff has been informed previously, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint

1

or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In addition to defendants High Desert State Prison (HDSP) Warden T. Felker; Appeal Coordinator Lieutenant P. Statti; and Appeal Coordinator Correctional Counselor II Supervisor S.L. Chapman, plaintiff names as defendants: Ed Alameida [former] Director of the California Department of Corrections and Rehabilitation; and Director of Health Services Suzann Steinberg. Amended Complaint (AC), pp. 1-3. Plaintiff sues these defendants expressly in their individual capacities, seeking money damages only, including punitive damages. Id., at 1, 3, 10-

11.

With respect to those claims other than those related to the opening of his legal mail outside his presence, plaintiff's amended complaint continues to violate Rule 8 of the Federal Rules of Civil Procedure in failing to set forth, particularly with regard to his allegations against unnamed medical staff, "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)). Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8.)

Plaintiff references an incident on August 11, 2008, at which time he was evidently ducated to review a medically related grievance he had filed concerning "chronic substantial pain on the lower back, etc...." AC, p. 4. Plaintiff provides no further explanation about the medical condition at issue, provides the name of no individual medical staff defendant who failed to provide him with adequate medical care, but maintains that he was somehow deprived of equal protection in the manner of his treatment and continues to maintain that if he wrote anyone up he would be subjected to intimidation and threats, even violence. Id., at 4-5. Plaintiff will be given one final opportunity to name individual defendants who subjected him to inadequate medical care or otherwise violated his constitutional rights in dealing with his medical grievances and to make allegations sufficiently specific to set forth a colorable claim.

In doing so, plaintiff is reminded that to state a claim of deliberate indifference to serious medical needs in violation of the Eighth Amendment, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct.

995, 998 (1992).  A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Indications that a prisoner has a serious need for medical treatment are the following:  the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

> Moreover, as plaintiff has been informed earlier, he must do more than allege in a vague and conclusory way that he has been subjected to, for example, threats of physical harm from unidentified people.  To the extent that he seeks to make a claim of retaliation, plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct.  See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).  The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt at 806 (citing Rizzo at 532).  Verbal harassment alone is insufficient to state a claim.  See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  However, even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself.  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n. 1) (10th Cir. 1990).  Moreover, plaintiff's claims of retaliation, to the extent that he intended to make any, are insufficiently linked to any named defendant and must be dismissed on that basis as well.  Plaintiff will be given a final opportunity to amend.

Plaintiff seeks to implicate defendants Alameida and Steinberg for alleged generic failures in the prison system's medical care by, for example, failing to visit California prisons, including HDSP and never talking with inmates about what was going on. AC, p. 9. Plaintiff charges them with awareness that security concerns trumped medical and mental health treatment in the prison system, and that inmates did not have reliable medical care access. Id. Plaintiff references the federal receivership under which the prison medical care system has been placed. Ac, p. 10.

The instant case is not a class action. Plaintiff has failed to implicate these individuals for any specific instance of inadequate medical care to which he has been subjected, the only basis on which he would have standing to sue Alameida and Steinberg. Halet v. Wend Inv. Co., 672 F.2d 1305, 1308 (9th Cir. 1982) (party must assert [his] own rights not those of third parties), citing Duke Power Co. v. Carolina Environmental Study Group, 438 U.S. 59, 80, 98 S.Ct. 2620, 2634 (1978); Warth v. Seldin, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205 (1974). To have standing to implicate these defendants, plaintiff must allege an actual injury to which he has been subjected; he must show "that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct" of these defendants, and "that the injury 'fairly can be traced to the challenged action' and 'is likely to be redressed by a favorable decision.'" Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472, 102 S. Ct. 752, 758 (1981)[citations omitted]. As to his generic claims against these defendants, plaintiff has not made a showing of having suffered any actual injury and thus lacks Article III standing. Plaintiff's broad-sweeping allegations against these two defendants will be dismissed. Plaintiff will be granted one further opportunity to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless

there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's claims against defendants Alameida and Steinberg are dismissed, as are all claims against defendants Felker, Statti and Chapman with the exception, as to Felker, Statti and Chapman, of plaintiff's claims regarding the opening of his legal or privileged mail outside his presence. Plaintiff has leave to file a second amended complaint within thirty days from the date of service of this Order. Failure to file a second amended complaint will result in the dismissal of defendants Alameida and Steinberg from this action, as well as any other claims against defendants Felker, Statti and Chapman but those related to the allegations of opening plaintiff's legal mail outside his presence.

\\\\\
\\\\\
\\\\\
\\\\\

2. Upon filing a second amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: May 14, 2009 /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
port2472.b2