IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL PORTUGAL,

    Plaintiff,                    No. 2:08-cv-2472 KJN P

    vs.

T. FELKER, et al.,                   ORDER AND

    Defendants.           FINDINGS AND RECOMMENDATIONS[1]

/

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Presently pending before the court is defendants' motion to dismiss plaintiff's complaint based on the alleged failure of plaintiff to exhaust his administrative remedies before filing suit. (Dkt. No. 26.) Plaintiff has filed an opposition (Dkt. No. 27), and defendants have filed a reply (Dkt. No. 28). For the following reasons, the court recommends that defendants' motion be granted.

////

---

[1] Plaintiff has twice consented to the jurisdiction of the magistrate judge for all purposes, pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). (Dkt. Nos. 3, 10.) Defendants did not respond to the court's November 17, 2009 order requesting their position on such jurisdiction (Dkt. No. 18), which the court construes as defendants' declination. This case therefore proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).

1

I. Background

Plaintiff is proceeding on his Second Amended Complaint ("SAC" or "complaint") filed June 12, 2009,[2] on claims that his confidential mail was improperly opened by correctional staff while plaintiff was incarcerated at High Desert State Prison ("HDSP") in Susanville, California. (Dkt. No. 13.)

Defendants move to dismiss this action in its entirety based on their contention that plaintiff has failed to exhaust his administrative remedies.

II. Legal Standards

The Prison Litigation Reform Act ("PLRA") provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Pursuant to this rule, prisoners must exhaust their administrative remedies regardless of the relief they seek, i.e., whether injunctive relief or money damages, even though the latter is unavailable pursuant to the administrative grievance process. Booth v. Churner, 532 U.S. 731, 741 (2001). Moreover, such exhaustion requires that the prisoner complete the administrative review process in accordance with all applicable procedural rules (e.g., deadlines). Woodford v. Ngo, 548 U.S. 81 (2006).

"The level of detail in an administrative grievance necessary to properly exhaust a claim is determined by the prison's applicable grievance procedures." Jones v. Bock, 549 U.S. 199, 218 (2007). In California, prisoners are required to lodge their administrative complaint on a CDC Form 602 which in turn requires only that the prisoner "describe the problem and action requested." Cal. Code Regs. tit. 15, § 3084.2(a). In Griffin v. Arpaio, 557 F.3d 1117 (9th Cir. 2009), adopting the standard enunciated in Strong v. David, 297 F.3d 646 (7th Cir. 2002), the Ninth Circuit held that "when a prison's grievance procedures are silent or incomplete as to

---

[2] Although entitled a "Motion to Amended (sic) the Complaint . . ." (Dkt. No. 13), the court has construed this document to be the operative Second Amended Complaint (Dkt. No. 14.)

factual specificity, 'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'" Griffin, 557 F.3d at 1120 (reviewing Arizona procedures), quoting Strong, 297 F.3d at 650. "A grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved. A grievance also need not contain every fact necessary to prove each element of an eventual legal claim. The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." Griffin, 557 F.3d at 1120; accord, Morton v. Hall, 599 F.3d 942, 946 (9th Cir. 2010) (California grievance procedures).

Further, absent an express requirement to the contrary (which does not exist in the California prison grievance process) "exhaustion is not per se inadequate simply because an individual later sued was not named in the grievances." Jones, 549 U.S. at 219. It is nonetheless appropriate to require that a prisoner demonstrate, through the administrative grievance process and consistent with the PLRA, that he has standing to pursue his claims against a particular defendant. "At an irreducible minimum, Article III [of the United States Constitution] requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 472 (1982) (citation and internal quotation marks omitted).

While, under limited circumstances, a plaintiff may add newly exhausted claims to an existing action, see Rhodes v. Robinson, 621 F.3d 1002 (9th Cir. 2010) (authorizing amended complaint containing newly exhausted claims based on related conduct that occurred after the filing of the original complaint), generally "a prisoner must exhaust his administrative remedies for the claims contained within his complaint before that complaint is tendered to the district court," id. at 1004, citing McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam); and Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006).

The exhaustion requirement applies to all section 1983 claims regardless of

whether the prisoner files his or her claim in state or federal court. Johnson v. Louisiana ex rel. Louisiana Dept. of Public Safety and Corrections, 468 F.3d 278 (5th Cir. 2006). Significantly, however, this exhaustion requirement is not jurisdictional but an affirmative defense that may be raised by a defendant in a non-enumerated Rule 12(b) motion. See Jones, 549 U.S. at 216 ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th Cir. 2003) (failure to exhaust is an affirmative defense). Defendants bear the burden of raising and proving the absence of exhaustion, and their failure to do so waives the defense. Id. at 1119.

"In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Wyatt, 315 F.3d at 1119. "I[f] the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust – a procedure closely analogous to summary judgment – then the court must assure that [the prisoner] has fair notice of his opportunity to develop a record." Id. at 1120 n.14. However, when the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120; see also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005) ("mixed" complaints may proceed on exhausted claims). Thus, "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad." Jones, 549 U.S. at 221. However, in circumstances where a mixed complaint includes exhausted and unexhausted claims that are "closely related and difficult to untangle . . . dismissal of the defective complaint with leave to amend to allege only fully exhausted claims [ ] is the proper approach." Lira, 427 F.3d at 1176.

III. Analysis

At issue is whether plaintiff exhausted all available administrative remedies relative to the two grievances on which his complaint is premised. The grievances are attached to plaintiff's complaint.

The first grievance, signed July 6, 2008, alleged that "mail room staff" opened plaintiff's legal mail (a letter to plaintiff's attorney, Cassie Pierson, dated June 7, 2008) outside of plaintiff's presence and hence in violation of applicable regulations and plaintiff's due process rights. (Dkt. No. 13, at 13-16.) The grievance was returned to plaintiff with an "Appeals Screening Form," dated July 10, 2008, and signed by defendant Statti, HDSP Appeals Coordinator, which informed plaintiff that he had "not attempted to resolve the grievance at the informal level," as required by California Code of Regulations, Title 15, section 3084.3(c)(4).[3] (Dkt. No. 26, at 8, citing Dkt. No. 13, at 12.) Notations on the grievance similarly indicate:

> 7/8/08 to CDW for review as S/C [staff complaint]
>
> 7/8/08 - Determined NOT a S/C

(Dkt. No. 13, at 13.)

The second grievance, signed September 11, 2008, alleged that defendant Felker, HDSP Warden, opened and read plaintiff's August 11, 2008 letter to Gary Jordan, an official with the Office of Internal Affairs ("OIA"), California Department of Corrections and Rehabilitation ("CDCR"), outside of plaintiff's presence and in violation of plaintiff's First, Sixth and Fourteenth Amendment rights. (Id. at 5-11.) The grievance was returned to plaintiff with an "Appeals Screening Form," dated September 12, 2008, and signed by defendant Statti, which informed plaintiff that the grievance was duplicative of plaintiff's July 2008 grievance by "containing the same issue," citing California Code of Regulations, Title 15, section 3084.3(c)(2),[4] and that plaintiff had failed to timely appeal his July grievance. (Dkt. No. 13, at

////

---

[3] Cal. Admin. Code tit. 15, § 3084.3(c)(4) provides that "An appeal may be rejected for any of the following reasons: . . . (4) The appellant has not included evidence of attempt to resolve the grievance at the informal level, unless the informal level is waived by these regulations."

[4] Cal. Admin. Code tit. 15, § 3084.3(c)(2) provides that "An appeal may be rejected for any of the following reasons: . . . (2) The appeal duplicates the appellant's previous appeal upon which a decision has been rendered or is pending."

4.) Plaintiff was specifically informed:

> This is a duplicate appeal. The first one was filed on 7/10/08 and returned to you with instructions. It was also rejected as a staff complaint. **Do not resubmit**.

(Dkt. No. 13, at 4 (emphasis added).)

Also attached to the return of plaintiff's second grievance was a letter to plaintiff from Warden Felker, returning plaintiff's letter to OIA official Jordan, in which plaintiff had complained of his medical care. (Id. at 10). Felker informed plaintiff that his letter was being returned "so that you may submit a CDCR-602, Inmate/Parolee Appeal form to the Inmate Appeals Office," and that "[s]hould you continue to send appeal/complaint type correspondence to this office, it will be returned to you, as you are circumventing the appeals process." (Id. at 9.)

In summary, plaintiff's first grievance was returned to him for the purpose of obtaining informal review, while his second grievance was returned as "duplicative" of his first grievance, with a notation that the deadline for administratively exhausting plaintiff's first grievance had expired. The court addresses each grievance in turn.

Plaintiff asserts, both in his complaint and in his opposition to defendants' motion, that he repeatedly sought, but was unable to obtain, informal review of his first grievance,[5] implicitly contending that the requirement for such review should be waived.

---

[5] Plaintiff alleges in his complaint as follows (Dkt. No. 13, at 2):

Plaintiff would like to correct the Record regarding the 602 Grievance on 7-10-08 was against Sgt/Lt mail room offices at HDSP but was never correct[ed] or fix[ed] by this institution which Plaintiff sen[t] numerous of request[s] to receive a informal level responds (sic) . . . . To this day this action has not been correct[ed] or Plaintiff has not receive[d] any reply back on this matter by HDSP.

Consistently, in his opposition to defendants' motion, plaintiff states as follows (Dkt. No. 27, at 5):

Plaintiff would like to correct the Record in this case based on the 602 Grievance filed on 7-10-08 was against Sgt. and Lt. at High Desert State Prison for opening,

The requirement that a prisoner first seek informal review of his grievance is set forth on the grievance form itself, which provides in pertinent part:

> With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents . . . to the Appeals Coordinator within 15 days of the action taken. . . .

(Dkt. No. 13, at 13.)  See California Code of Regulations, Title 15, section 3084.5(a)(1) ("Unless excepted pursuant to subsection (3) evidence of an attempt to obtain informal level review is required before an appeal may be accepted for formal review.").[6]  Plaintiff's grievance does not come within any of the exceptions to informal review set forth in California Administrative Code, Title 15, section 3084.5(a)(3).

The Ninth Circuit has recognized that the administrative exhaustion requirement may be waived in extraordinary circumstances where a prisoner's administrative remedies are effectively unavailable.  Nunez v. Duncan, 591 F.3d 1217, 1220-21, 1225-26 (9th Cir. 2010).  In

---

> reading Plaintiff['s] legal mail from his attorney at law without Plaintiff['s] presence based on the numerous of times Plaintiff try to receive a respond (sic) by the HDSP which this matter was never correct[ed] or fix[ed] this action against Plaintiff['s] Due Process clauses. Also all the numerous of Request[s] to receive a informal level respond was incomply (sic) by this administration HDSP.

(Dkt. No. 27, at 5.)

[6] Cal. Admin. Code tit. 15, § 3084.5(a)(3) provides:

The informal level shall be waived for appeal of:
(A) Classification committee actions.
(B) Serious disciplinary infractions.
(C) Classification staff representative actions.
(D) Departmental regulations, policies, or operational procedures.
(E) Exceptional circumstances defined in section 3084.7 [not applicable here].
(F) Any action which the appeals coordinator determines cannot be resolved informally.
(G) Alleged misconduct by a departmental peace officer.
(H) The denial of disabled inmate or parolee requests for reasonable modification or accommodation . . . .

1  Nunez, the warden provided Nunez with an incorrect legal citation that was "restricted" from
2  inmates and thus could not timely be obtained by Nunez despite his "reasonable and appropriate
3  steps to obtain it." Id. at 1225. After several months of unsuccessful attempts to obtain the
4  regulation, Nunez filed the next-level appeal of his grievance. The untimeliness of that requested
5  review was ultimately excused based on Nunez's demonstration that he had taken "reasonable
6  and appropriate steps to exhaust his . . . claim and was precluded from exhausting, not through
7  his own fault but by the Warden's mistake." Id. at 1224.

8        Here, plaintiff alleges that he sought, numerous times, to obtain informal review
9  of his July 6, 2008 grievance. See n.5, supra. However, plaintiff fails to provide any specific
10 information relative to his alleged exhaustion efforts. Similarly, plaintiff does not assert that he
11 filed a new administrative grievance challenging the refusal of prison officials to provide
12 informal review of the subject grievance. Absent some basis to conclude that plaintiff made a
13 bona fide effort to obtain informal review of his July 6, 2008 grievance, and that such review was
14 "effectively unavailable," Nunez, 591 F.3d at 1226, the court must find that plaintiff failed to
15 exhaust his administrative remedies as to his first grievance.

16       Plaintiff's September 11, 2008 grievance presents an additional issue. While the
17 court is not fully persuaded by the "duplicative" labeling of plaintiff's second administrative
18 grievance,[7] it is significant that plaintiff did not challenge that assessment on his own. See e.g.

---

[7] Plaintiff's July 2008 grievance—which challenged the opening of plaintiff's clearly-designated legal mail by mail room staff outside of plaintiff's presence—came squarely within regulations prohibiting such conduct. See Cal. Penal Code § 2601; Cal. Admin. Code tit. 15, § 3141; CDCR's Department Operations Manual ("DOM"), § 51080.4; see also In re Jordan (1972) 7 Cal. 3d 930 (state regulations may not abridge prisoner's right to communicate confidentially with his attorney). In contrast, plaintiff's September 2008 grievance challenged the alleged actions of Warden Felker in opening plaintiff's non-legal mail addressed to an OIA officer. While this mail may have been protected under California Penal Code section 2601(b) (protecting an inmate's correspondence with a public officer), or California Administrative Code, title 15, section 3141(c)(3) (protecting an inmate's correspondence with a state official having responsibility for the inmate's custody), it is not clear from the alleged facts whether plaintiff's letter may first have been properly opened by the OIA (rather than Felker), then rerouted to Felker.

1  Newman v. McLean, 2009 WL 688859, *6 (N.D. Cal. 2009) ("[p]laintiff did not pursue all the
2  remedies that were available since he could have appealed the alleged improper screening out of
3  the inmate appeal as being duplicative but failed to do so"); Smiley v. Martinez, 2010 WL
4  309459, *3 (N.D. Cal. 2010) (plaintiff did not timely challenge the screening out of his appeals
5  based on untimeliness and duplication); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005)
6  (the obligation to exhaust persists as long as some administrative remedy is available).  Plaintiff
7  may reasonably have been dissuaded from challenging the "duplicative" designation of his
8  September grievance pursuant to the clear instruction by defendant Statti that plaintiff "not
9  resubmit."  See e.g. Martinez v. Robinson, 2010 WL 3001381, *3 (N.D. Cal. 2010) (improperly
10 told three times that his appeal was duplicative, plaintiff had no available remedy and was thus
11 excused from further exhaustion efforts); see also Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir.
12 2010) ("improper screening of an inmate's administrative grievances renders administrative
13 remedies 'effectively unavailable' such that exhaustion is not required under the PLRA").
14 However, plaintiff's failure to make this contention before this court, coupled with his failure to
15 demonstrate reasonable efforts to obtain informal review of his first grievance, compel the
16 finding of this court that plaintiff failed to exhaust administrative remedies as to his second
17 grievance.

18         The court's finding that plaintiff failed to exhaust his administrative remedies as
19 to both grievances is supported by defendants' exhibit, a printout prepared by the Inmate Appeals
20 Branch, entitled "Appellant Appeal History," as summarized by D. Foston, Chief of the Inmate
21 Appeals Branch.  (See Dkt. No. 26 (Motion to Dismiss), Exhibit A (Declaration of D. Foston
22 ("Foston Decl.")), and Exhibit B (Appellant Appeal History).)  As Foston notes, since 2007,
23 plaintiff has taken ten administrative grievances through the entire appeals process (thus
24 demonstrating his knowledge of the exhaustion requirement and procedures), but that none of
25 these grievances challenged the opening of plaintiff's confidential mail, and none are dated July
26 2008 or September 2008.  (Foston Decl. at ¶¶10-13.)

       For the foregoing reasons, this court concludes that plaintiff's failure to exhaust his administrative remedies in support of his July 6, 2008 and September 11, 2008 grievances, requires dismissal of the instant civil rights action premised on those grievances. 42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. at 741.

IV.  Conclusion

       Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign a district judge to this action; and

       IT IS HEREBY RECOMMENDED that defendants' motion to dismiss this action (Dkt. No. 26) be granted.

       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 21 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within 14 days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 15, 2010

                                  KENDALL J. NEWMAN
                                  UNITED STATES MAGISTRATE JUDGE

port2472.mtd